## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 07-21150-CIV-KING

RALLY MANUFACTURING, INC.,
a Florida corporation,

      Plaintiff,

v.

PYLON MANUFACTURING CORPORATION,
a Delaware corporation,

      Defendants.

_____/

### OMNIBUS ORDER RULING ON *IN LIMINE* MOTIONS FILED
### IN VIOLATION OF COURT ORDERS SETTING DEADLINES

The Court's Order of August 7, 2007 gave the parties nine months to prepare for

trial on June 9, 2008. This Order established deadlines for completion of discovery and

motion practice in clear and unequivocal language, as follows:

### DISCOVERY AND MOTION PRACTICE DEADLINES

Pursuant to So. D. Fla. Rule 16.1, the parties shall abide by the following time schedule
under penalty of dismissal or other sanctions:

> **FEBRUARY 28, 2008**: **DEADLINE FOR CONDUCTING
> DISCOVERY**. No discovery will be permitted after this
> date, in order that the parties and the court have all facts of
> record prior to the deadline for filing motions and at pre-trial
> conference.

> **MARCH 4, 2008**: **DEADLINE FOR FILING ALL
> MOTIONS**. Pleading practice ends on this date except for a
> response by opposing party and reply to response by moving
> party. All motions, including motions *in limine*, shall be filed
> prior to this date. Motions for extension of time for replies
> and responses will not be granted for the reason that all

> unresolved motions will be considered and ruled upon at the
> pre-trial conference.

Emphasizing the finality and certainty of these dates, it was further stated "This order,

establishing the deadlines for completion of motion practice, discovery, and filing of

Pretrial Stipulation shall be strictly followed by counsel, notwithstanding any Local Rule

of Court or private agreement between counsel, any filed (or unfiled) proposed Local

Rule 16 scheduling deadlines or any other order of the court by other Judges (D.E. #31,

Order Setting Trial, Pretrial Conference and Deadlines, pp. 2, 3 and 4)."

The parties jointly moved to extend the discovery deadline. In granting that

motion on February 11, 2008 (D.E. #47), the Court again placed all parties on notice of

the March 4, 2008 deadline, as follows:

> "The Joint Motion is approved and entered as an order of this Court. The
> discovery deadline in this matter is extended for three (3) weeks, and the
> parties shall have up to and including March 21, 2008 to conduct discovery.
> The granting of this extension **will not** affect any of the other deadlines set
> by the Court's August 7, 2007 Scheduling Order, *including the cut-off of
> motion practice deadline*."

The parties did not seek court approval for an extension of time of these two orders of

court mandating a motion practice deadline of March 4, 2008 as they had (in a joint

motion - D.E. # 47) for an extended discovery deadline.

Without court approval, and in clear derogation of the explicit mandate of the two

orders of court, the parties commenced filing a substantial number of last-minute

motions.

The filing of these motions, over a month after the deadline had passed, and only

2

three weeks before the final pretrial conference clearly violate the Court's orders referred
to above. The motions are:

1.     Defendant's Motion for Hearing and Claim Construction
       (D.E. #67), filed April 8, 2008;

2.     Defendant's Motion *in Limine* to Preclude Rally
       Manufacturing from Alleging Harm Caused by Pylon to its
       Relationship with Chin Pech (D.E. #68), filed April 17, 2008;

3.     Defendant's Motion *in Limine* to Preclude Rally
       Manufacturing, Inc. frm Presenting Evidence of Customer
       Preferences (D.E. #69), filed April 17, 2008;

4.     Defendant's Motion *in Limine* to Preclude Rally
       Manufacturing, Inc. from Introducing Evidence or Argument
       Regarding Subsequent Remedial Measures (D.E. #70), filed
       April 18, 2008;

5.     Defendant's Motion *in Limine* to Preclude Rally from
       Admitting into Evidence Certain Emails Regarding the
       Product "Powerblade" (D.E. #71), filed April 21, 2008;

6.     Plaintiff's Motion *in Limine* to Exclude Testimony of
       Defendant's Patent Expert, Joseph R. Steele, Jr. (D.E. #72),
       filed April 21, 2008;

7.     Defendant's Motion *in Limine* on Lost Profits (D.E. #73),
       filed April 21, 2008;

8.     Defendant's Motion *in Limine* to Preclude Evidence of
       Weatherguard and O.E.Q. Products (D.E. #74), filed April 21,
       2008; and

9.     Defendant's Motion *in Limine* to Preclude Third Party
       Packaging (D.E. #75), filed April 22, 2008.

Normally, failure to obey the Orders of Court in this District establishing deadlines

for a motion practice and discovery result in a denial of pending motions by the

defaulting party, dismissal of a case or entry of a default judgment, or other sanction depending upon the harm occasion by the party who has ignored the Order. Rather than imposing a sanction, the Court has decided, given the imminency of the trial and the seriousness of the case, to go forward with ruling on these late-filed motions.

1.     DEFENDANT'S SUMMARY JUDGMENT ON CLAIM CONSTRUCTION

This motion, untimely filed a month after the close of all pleading practice, basically seeks rehearing of an order entered by this Court on April 4, 2008 (D.E. #65) denying Defendant's Motion for Summary Judgment. This motion (D.E. #67) refers back to Pylon's December 18, 2007 Motion for Summary Judgment (D.E. #35) and leaves in inference that the parties were waiting on the Court for the 3 ½ months interval until the Court's Order of April 4, 2008. No reference in this current motion is made to the several extensions of time sought, agreed to, and granted to both parties to file Plaintiff's Opposition (D.E. #44), Defendant's Reply (D.E. #52), Plaintiff's Sur-Reply (D.E. #55), all of which consumed over 2 ½ months of time until the motion became ripe on February 28, 2008 (D.E. #56). The Court had the matter under consideration, after it became ripe on February 28th until entry of the Court's Order on April 4, 2008 for approximately one month.

The substance of Defendant's complaint that the Court's Order did not ". . . identify which factual issues existed or whether such issues related to infringement in validity or both. The Order did not provide a claim construction or indicate whether the Court had formally construed the claims." will be addressed in a separate Order of the

4

Court.

Because the parties have elected to proceed with filing of these motions after the deadlines have passed, and because the Pretrial Conference in this matter is set for this upcoming Friday, May 2, 2008, the Court does not have available to it any Responses by either non-moving party. Counsel has simply not left time for each other to respond to whatever motion they wish to file at this late date. The Court therefore has not considered any responses to the motion, replies by the moving party or, in a number of instances, have the benefit of the full transcripts of the discovery materials relied upon by the moving party.

2.    RELATIONSHIP BETWEEN PLAINTIFF PYLON AND MANUFACTURER CHIN PECH

This Motion, filed approximately six weeks after the close of all motion practice seeks a ruling from the Court that Plaintiff cannot offer direct evidence of a hearsay conversation between Plaintiff's CEO and its own manufacturer. This *in limine* motion is filed in anticipation that Plaintiff will attempt to offer the hearsay testimony that was elicited by counsel for the defense during the CEO's deposition. The deposition relied upon by this Motion has not been furnished to the Court as required by S.Dist. Fla. L.R. 26.1C. Relying upon only excerpts of a deposition, particularly in a case like this where no time is left for hearing from opposing counsel or reviewing the excerpts that the opposing party feels are relevant, is not good practice.[1]

---

[1] S.Dis. Fla. L.E. 26.1C Discovery Materials to be Filed with Motions
If relief is sought under any of the Federal Rules of Civil Procedure, copies of the discovery matters in dispute shall be filed with the Court contemporaneously with any motion

Obviously the rules of evidence preclude the Plaintiff offering, in direct evidence, hearsay testimony of the sort herein under discussion. One has to assume, since the Defendant does not want this testimony in the record and is seeking to eliminate it by this *in limine* motion, that it would object at the trial if the Plaintiff attempted to introduce the statement. Rules of evidence would preclude this and if an appropriate objection was made, it obviously would be sustained by the Court.

If, however, defense counsel is so unwise as to "throw the gate wide open" by asking Plaintiff CEO Iacovelli about the conversation (and presuming Plaintiff did not object) a hearsay exception would be established and the testimony would be admissible of record.

Anticipating eventualities that in all probability will never occur (unless defense makes a mistake of raising it itself), this is so patently non-productive as to warrant no further discussion.[2]

3.   *IN LIMINE* MOTION REGARDING CUSTOMER PREFERENCES

In this motion (D.E. #69), filed approximately six weeks after the close of all motion practice, Defendant Pylon seeks an *in limine* exclusion from evidence it

---

filed under these Local Rules by the party seeks to invoke the Court's relief.

[2]   The quotation of the Defendant elicited testimony referred to above is contained at page 2 of defense's *in limine* motion (D.E. #68).

Another reference, at page 3 of the same memorandum refers to ". . . a subsequent letter from Rally's counsel which, defense counsel suggests should be excluded from evidence." Generally, letters between counsel are not admissible in evidence but, every eventuality upon which such a letter may be come relevant and therefore may be admissible under the Rules of Evidence, is impossible to determine in an *in limine* motion.

anticipates the Plaintiff will offer through Rally's employees ". . . based on their conversations or other dealings with customers." The motion, at page 2, goes on to state that this evidence is ". . . unreliable hearsay evidence," without stating the names of the potential, anticipated witnesses (other than that they may be Plaintiff's employees) or any of the details that would give rise the manner in which the testimony will be offered.

This is premature guesswork about the possibility of the witnesses Plaintiff will (or may) call and the competency to testify of those witnesses.

Obviously, the parties can expect on any timely objection to hearsay testimony to be sustained. The difficulty with *in limine* motions is that the Court is called upon to review every possible aspect of how the testimony could be admitted, and to then find that the anticipated testimony would be inadmissible under all circumstances. This is a very difficult test or standard and is principle reason why prior to trial motions *in limine* are so difficult to evaluate.

Simply put, Defendant has not articulated with any certainty that such evidence will ever be offered, and if so, by witnesses by whom a proper predicate has not been made for the introduction of such testimony.

The motions is clearly premature and, in all probability, will not arise as anticipated. If it does, it will have to be based on solid testimony by first-hand (non-hearsay) knowledgeable witnesses who are competent under the Rules of Evidence to testify.

For these reasons, and for the additional reasons of the untimeliness of the motion

and this failure to furnish a transcript, this motion is DENIED without prejudice to raise

objections to any testimony the attorneys feel is inadmissible under the Rules of Evidence

during trial.

4.      MOTION *IN LIMINE* REGARDING REMEDIAL MEASURES

This Motion (D.E. #70) suffers from the same infirmity as the other untimely

motions (filed approximately six weeks late).

However, when the standard regarding *in limine* motions is applied, i.e.,

elimination of any possible basis upon which the anticipated evidence might be relevant,

one concludes that this is also premature.

There is no suggestion in this motion by Defendants as to precisely how this

evidence will, or will not, arise during trial.

The Court has no difficulty with the general proposition of law cited by defense

that remedial measures are generally not admissible, however it is impossible to

determine with the clarity and certainty necessary to <u>exclude</u> evidence how this matter

will arise.

Since it is filed prematurely, it is DENIED without prejudice to raise objection if

and when the evidence is offered at trial.  Response thereto can be made and the Court

can rule.

5.      DEFENDANT'S MOTION *IN LIMINE* SEEKING IN LIMINE PRECLUSION
        OF EMAILS BETWEEN DEFENDANT PYLON AND CHIN PECH

This Motion (D.E. #71), filed last week, suggests that the Plaintiff's interpretation

of emails between the Defendant Pylon and its Chinese manufacturer Chin Pech

containing some unfortunate references to "Please keep our secret while we steel business from our competition." is erroneous and misleading. Defendant has alternate theories (from Plaintiff) about the meaning of the words allegedly expressed by its project manager to the Chinese manufacturer. Defendant suggests, and they may be entirely correct, that the words about stealing business from competitors does not apply and is not material to the patent issue in this case. This, however, is clearly an issue of fact for the jury to decide if the documents were properly authenticated and ultimately come into evidence.

For the Court to determine prior to trial and in an *in limine* memorandum that one party's interpretation of facts that may be admitted into evidence before the jury is susceptible of belief, as contrasted with the interpretation of another party, is so far from any traditional consideration of exclusion of evidence as to want no further comment by the Court.

Courts cannot, and should not, construe various interpretations of evidence that the parties anticipate may arise during the trial. This is best left for rulings upon the admissibility of such evidence at the time of trial and if excluded, it ends up the issue. If it is admitted into evidence, then the matter may be argued to the jury with the respective interpretations of each party intact. The jury then makes a factual decision about the credibility and value to give to the evidence, if any.

Motions *in limine* are not to be used for the purpose of asking the Court for advisory rulings in evidentiary matters, the materiality of which cannot be anticipated

outside the context of the trial and the predicate laid for the introduction of such evidence at trial. This motion is premature and it is DENIED.

6.      PLAINTIFF'S *IN LIMINE* MOTION TO EXCLUDE DEFENDANT'S EXPERT

This Motion (D.E. #72), filed last week (April 21, 2008) suffers from the same untimely filed virus that is disrupting the orderly (and mandated) deadlines for presenting motion practice and conducting discovery.[3]  Additionally, it presents to the Court two other issues of serious procedural problems. First, it injects into the case the issue of the possible necessity of a *Daubert* hearing with reference to the expertise, qualifications and necessity of Defendant's patent expert Joseph R. Steele, Jr. Secondly, the deposition purportedly taken of Mr. Steele on March 17, 2008 (four days before the expiration of the Court-extended discovery date of March 21, 2008) contains only brief excerpts from Mr. Steele's sworn testimony.

Under the Rules of the Court, a party relying upon a deposition is required to furnish with the motion relied upon by movant to be transcribed and furnished to the Court for its consideration and ruling upon the requested relief.[4]

Here, due to the lateness of time in taking the deposition and in filing the motion (without deposition attached), there has been no time for the Court to have the benefit of

---

[3] It should be clear to all counsel, by now, the reasons why the Court insists upon its Orders and the Federal Rules of Civil Procedure be carefully followed. These late-filed motions, filed only days before the Final Pretrial Conference scheduled for May 2, 2008, render a heavy burden upon opposing counsel to file a response to the motion, followed by a reply from the movant, followed by decision from the Court - all to be accomplished in the last few days.

[4] *See supra* text accompanying FN1.

Defendant's Response or Plaintiff's Reply. Obviously, the Pretrial Conference will be concluded before those two timed-related events (response and reply) have an opportunity to happen.

In ruling upon the *Daubert* issues, the Court would need the benefit of the entire deposition, something it does not have. The Response and the Reply would be, of course, helpful but we do not have time before Pretrial Conference to have them filed of record.

The Motion must therefore be DENIED to await further consideration after the Court has opportunity to consider and review the sworn testimony of Mr. Steele.

7.     DEFENDANT'S MOTION *IN LIMINE* ON LOSS PROFITS

This Motion (D.E. #73) seeks a ruling from the Court, in advance of trial, that certain testimony given under oath in the deposition taken of Mr. Kruszewiski (Plaintiff Rally's CFO) on the subject of losses sustained by Plaintiff Corporation is so speculative as to not be admissible testimony. The Motion necessarily assumes that the anticipated testimony of Mr. Kruszewiski will not be able to be established as that of an expert witness entitled to offer opinion testimony. Neither counsel nor the Court have any way of knowing until we hear the predicate that is laid for the introduction of his testimony. He may or may not be a qualified expert to express an opinion. This brings into play a great many other rules of evidence pertaining to whether or not expert opinions have been furnished to opposing counsel in timely fashion or not, etc. Again, the Motion suffers not only from the defect of being untimely filed but also the lack of the requisite deposition evidence appended to the Motion, for the Court's consideration. Only excerpts are

appended and this does not comply with the Local Rules regarding the use of discovery materials when needed for consideration of any pending motion.

The testimony of each witness will have to be carefully evaluated as to the basis of his or her knowledge, <u>factual</u> evidence. If opinions are sought, they will have to come only after qualification of the witness as an expert witness. They cannot be offered by a lay witness. These are all matters of trial concern and admissibility. Obviously the Court will not permit per speculative opinions by lay or witnesses who may be qualified as "expert."

This Motion is premature and will have to await the presentation of the qualifying evidence at trial for the Court to make an intelligent ruling upon the issues presented. Counsel opposing the testimony of any witness will have the usual trial burden of any competent trial lawyer to raise proper, relevant and timely objections to testimony as it occurs. Many of these motions *in limine* have done little more than attempt to extract advisory opinions from the Court as to the admissibility of evidence that may never be offered or, if offered, cannot be determined at this premature date as to all of the possibilities that the testimony is (or is not) relevant to the issues. Certainly it would appear that testimony concerning the profits of either party (or the loss thereof) is purely a factual matter for the jury's consideration. The Motion is DENIED.

8., 9.  DEFENDANT'S ADDITIONAL MOTIONS *IN LIMINE* REGARDING PACKAGING BY THIRD PARTIES.

These Motions (D.E. #74 and 75) filed April 21 and 22, 2008 (three working days ago) do not permit the time for any Response, Reply or even full consideration by the

Court of the problems presented therein.

The Motions simply ask for anticipatory rulings on matters that can be easily ruled upon in timely fashion during trial upon proper and relevant objection. The Motions are DENIED.

The problems outlined in consideration of the foregoing motions could easily have been eliminated had the parties conducted their discovery prior to literally "the last minute" and sought those *in limine* motions to which they felt they were entitled weeks or months ago. By leaving it all to the last minute, the parties have placed an intolerable burden upon themselves and the Court.

After consideration in the limited time available, and without having the benefit of any responses to any of the motions filed herein (or any of the replies to any of the responses filed by the moving party herein), it is

ORDERED, ADJUDGED and DECREED that the eight (8) motions delineated at page 3 above as numbered 2 through 9 be, and the same are hereby DENIED. The Defendant Pylon Manufacturing Corporation's Motion (#1, D.E. #67) will be the subject of a separate Order of the Court. Counsel are reminded of the Order of this Court dated August 7, 2007 mandating a deadline for filing pretrial stipulation at 4:30 p.m., April 28, 2008.

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice

Building and United States Courthouse, Miami, Florida, this 28th day of April, 2008 at

3:30 p.m.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Copies furnished to:

*Counsel for Plaintiff:*
Abbey L. Kaplan, Esq.
Steven I. Peretz, Esq.
Kluger, Peretz, et al.
17th Floor Miami Center
201 South Biscayne Blvd.
Miami, FL 33131

Matthew F. Johnston, Esq.
Matthew W. Stavish, Esq.
Berenato, White & Stavish
6550 Rock Spring Drive
Suite 240
Bethesda, MD 20817

*Counsel for Defendant:*
James A. Gale, Esq.
Gregory L. Hillyer, Esq.
Christina D. DeAngelis, Esq.
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Blvd.
Miami, FL 33131

14